IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY OGLES )
)
v. ) NO. 3-14-1317
) JUDGE CAMPBELL
KROGER LIMITED )
PARTNERSHIP I )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 29). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiff filed this employment discrimination case against his former employer for discrimination in violation of the Americans with Disabilities Act ("ADA"). Plaintiff's Complaint alleges that he suffers from severe developmental disabilities as a result of complications from spina bifida as an infant.[1] Plaintiff claims that he is "disabled," as that term is defined in the ADA, and that Defendant knew he was disabled and regarded him as disabled.

Plaintiff avers that he was employed by Defendant from 1986 until 2013 and that he worked as a courtesy clerk or "bagger." Plaintiff contends that he did not receive sufficient training from Defendant concerning his interaction with customers. Plaintiff asserts that throughout his employment with Defendant, he regularly hugged customers and shook their hands and occasionally kissed some of the elderly women on the cheek after helping them with their groceries. Plaintiff

---

[1] Plaintiff's Complaint was filed by Neal Ogles, identified as attorney-in-fact and caretaker for Plaintiff Timothy Ogles.

alleges that Defendant was aware of this practice. Plaintiff asserts that Defendant terminated his employment because of his disability and refused to allow him any reasonable accommodation for the performance of his duties.

Defendant contends that it received three separate customer complaints about Plaintiff's inappropriate workplace behavior during his last six months of employment with Kroger. First, a customer complained that Plaintiff patted her on the shoulder, which she said hurt her. Defendant asserts that Plaintiff was counseled about this behavior, suspended for three days, and warned that any similar misconduct in the future would lead to further disciplinary action up to and including discharge.

Second, Defendant contends that a customer complained that Plaintiff slammed her groceries in her cart and that Plaintiff made an inappropriate remark after she left. Again, Defendant asserts that Plaintiff was counseled about his behavior, suspended for five days, and warned that any similar misconduct in the future would lead to further disciplinary action up to and including discharge.

Third, Defendant contends that a man complained that Plaintiff kissed the man's wife on the cheek when he bagged and carried out her groceries. Defendant claims that again Plaintiff was confronted and counseled about his inappropriate conduct. Defendant alleges that it informed Plaintiff that he would be suspended pending further investigation or that he had the right to resign. Defendant maintains that Plaintiff resigned, writing and tendering a resignation letter which said: "I Tim Ogles resign from Kroger to enjoy retirement." Plaintiff's Complaint asserts that he did not have the capacity to execute such a document, that he did not have the mental capacity to make such decisions for himself, and that he was forced to write and sign the document. Plaintiff alleges he was fired because of his disability.

2

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## DISABILITY DISCRIMINATION

The ADA prohibits employment discrimination "against a qualified individual with a disability." 42 U.S.C. § 12112(a). In order to establish a violation of the ADA, a person must establish that: (1) he has a disability, as defined in the ADA; (2) he is qualified to perform the

essential functions of the position, with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability. *Demyanovich Cadon Plating & Coatings, LLC*, 747 F.3d 419, 433 (6th Cir. 2014). The ADA bars discrimination "because of" an employee's disability, meaning that it prohibits discrimination that is a "but-for" cause of the adverse employment action. *Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312, 314 (6th Cir. 2012); *Molina-Parrales v. Shared Hospital Servs. Corp.*, 992 F.Supp.2d 841, 855 (M.D. Tenn. 2014).

The only proof before the Court of Plaintiff's alleged "disability" comes from Plaintiff's brother and caretaker, Neal Ogles. There is no medical evidence in this record. For purposes of this Motion, however, Defendant does not contest that Plaintiff has a "disability," as that term is defined in the ADA, although Defendant never identifies exactly what that disability is.[2]

Defendant argues that, at the time of his resignation, Plaintiff was no longer "qualified" to perform his essential job functions, which include regular and professional interaction with Kroger customers. Defendant asserts that, given the three separate customer complaints and Plaintiff's admitted inappropriate workplace conduct, Plaintiff simply was no longer qualified for the job.

The Court must evaluate Plaintiff's qualifications for purposes of his *prima facie* case independently of Defendant's proffered nondiscriminatory reason for its decisions, however, and not conflate this stage with the pretext stage of the analysis. *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 813 (6th Cir. 2011). As Plaintiff notes, he worked for Defendant for close to twenty-six years and certainly performed the essential functions of his job during that time period. The Court

---

[2] Although Defendant has "assumed," for purposes of this Motion, that Plaintiff has a disability, Defendant also argues that there is no competent medical proof, sufficient to survive summary judgment, of such a disability. This seemingly contradictory position of Defendant is unclear.

4

finds that, for purposes of the *prima facie* case on this Motion, Plaintiff has shown a genuine issue of material fact as to whether he was qualified to perform the essential functions of his position.

Next, Defendant argues that Plaintiff resigned and, therefore, did not suffer an adverse employment action. Plaintiff contends that he did not resign voluntarily, that he was "forced" to resign, and that he did not have the capacity to execute such a resignation document.

In general, employee resignations are presumed to be voluntary. *Dandridge v. North American Fuel Systems Remanufacturing, LLC*, 2015 WL 1197541 at * 5 (W.D. Mich. March 16, 2015) (citing *Rhoads v. Bd. of Educ. of Mad River Local Sch. Dist.*, 103 Fed. App'x 888, 895 (6th Cir. 2004)). An employee may rebut this presumption, however, by producing evidence indicating that the resignation was involuntarily procured. *Id.*[3] Whether an employee's resignation was involuntary depends upon whether an objectively reasonable person would, under the totality of the circumstances, feel compelled to resign if he were in the employee's position. *Id*. Relevant factors in this inquiry include whether the employee was given an alternative to resignation and whether the employee understood the nature of the choice he was given. *Id*.

In this case, there is a genuine issue of material fact as to whether Plaintiff actually resigned. For example, Defendant claims that, following the third complaint about Plaintiff's behavior, the store manager and a union representative held a disciplinary meeting with Plaintiff, at which the store manager advised Plaintiff that he would be suspended pending further investigation or he had the right to resign. Defendant argues that no one forced Plaintiff to resign and that Plaintiff wrote

---

[3] Two situations in which an employee's resignation will be deemed involuntary are where the employer forces the resignation by coercion or duress and where the employer obtains the resignation by deceiving or misrepresenting a material fact to the employee. *Poindexter v. Department of Human Resources*, 946 F.Supp.2d 1278, 1286 (M.D. Ala. 2013) (resignation in the context of a public employee's allegations of denial of due process).

out his resignation letter voluntarily, with no pressure and no one telling him what to write. Defendant claims that no one threatened to call the authorities at any time during this disciplinary meeting.

Plaintiff, on the other hand, testified in his deposition that the store manager told him his options were either to retire or lose his job and that the store manager threatened to call the authorities if Plaintiff did not retire. Plaintiff testified that he was "very much" afraid when the store manager made that threat.[4]

Whether an employee's resignation was involuntary depends upon whether an objectively reasonable person would, under the totality of the circumstances, feel compelled to resign if he were in the employee's position. That issue is for a jury. The Court cannot make credibility determinations on a Motion for Summary Judgment and cannot decide this question of what actually happened at this meeting. There is a genuine issue of material fact as to whether Plaintiff voluntarily resigned.

But Plaintiff must show more than a question about whether he was forced to resign; Plaintiff must show a genuine issue of material fact as to whether he was forced to resign because of his disability. Although Defendant assumes, for purposes of this Motion, that Plaintiff has a disability for purposes of the ADA, there are genuine issues of material fact as to how, if at all, that disability affected Plaintiff's ability or capacity to interact with the public at Kroger.

For purposes of this Motion, Plaintiff has established genuine issues of material fact with regard to his *prima facie* case. Therefore, the burden shifts to the Defendant to offer a legitimate,

---

[4] At his deposition, Plaintiff testified that he was never disciplined at Kroger. Then he testified that he was suspended maybe one time.

nondiscriminatory reason for its adverse action. *Sjostrand v. Ohio State University*, 750 F.3d 596, 599 (6th Cir. 2014). If the Defendant makes this showing, which is a burden of production, not persuasion, the Plaintiff must then present evidence allowing a jury to find that the Defendant's explanation is a pretext for unlawful discrimination. *Id.*

Defendant's asserted reason for its disciplinary actions against Plaintiff is the three complaints about Plaintiff's behavior with customers in the store, which is a legitimate, nondiscriminatory reason. Plaintiff, therefore, must show a genuine issue of material fact as to whether that reason was pretext for disability discrimination.

Plaintiff contends that it was Defendant's failure to train and accommodate Plaintiff which led to his performance problems. Plaintiff testified that no one at Kroger ever told him that he was not supposed to touch customers or pat a customer on the shoulder. Plaintiff testified that he received no training whatsoever from Kroger about how to interact with customers. Plaintiff testified that no one at Kroger ever went over the important parts of the company handbook with him.[5] Whether that testimony is credible is a question for another day.

Plaintiff had worked at Kroger for almost 26 years. There is no evidence before the Court that Plaintiff had prior performance issues or disciplinary problems. There are genuine issues of material fact as to whether Plaintiff had a disability (as that term is defined in the ADA), even though Defendant assumes so for purposes of this Motion. There are genuine issues of material fact

---

[5] There are also issues of fact as to what information was given by Kroger to Plaintiff's brother and caretaker during this disciplinary period and whether Defendant was required to give that information. Plaintiff avers that his brother "became" Plaintiff's power of attorney in 2006 and that he provided a copy of the power of attorney to Defendant. Defendant maintains that it never received any form of power of attorney from Plaintiff, even when requested. Defendant argues that Plaintiff's counsel produced, in the course of this litigation and clearly after Plaintiff resigned, a limited "Durable Power of Attorney for Health Care" signed in 2010.

as to whether Defendant knew about or had any obligation to accommodate that disability. There are genuine issues of material fact as to whether Defendant "forced" Plaintiff to resign and whether Plaintiff even understood the choices he was given. Because of these issues, the Court finds that Plaintiff has shown that there are genuine issues of material fact as to pretext which preclude summary judgment.

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment is DENIED. The case remains set for trial on January 26, 2016.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE